**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | | |
|---|---|---|
| In re WARREN H. ELLIS, JR. | ) | Case No. 07-61696-LYN |
| | ) | |
| Debtor. | ) | |
| | ) | |
| CAROL A. LAY | ) | Adv. No. 07-06112 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WARREN H. ELLIS, JR. | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| | ) | |

**MEMORANDUM**

This matter comes before the Court on a complaint by Carol A. Lay ("the Plaintiff") seeking a judgment declaring that an obligation of Warren H. Ellis, Jr. (the Defendant") to hold her harmless under a separation agreement is non-dischargeable under 11 U.S.C. § 523(a)(15).

*Jurisdiction*

1

This Court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(a). This proceeding is a core proceeding. 28 U.S.C. § 157(b)(2)(A). This Court may enter a final order. This memorandum shall constitute the Court's findings of fact and conclusions of law as required by Fed. R. Civ. P. 52, which is made applicable in this proceeding by Fed. R. Bankr. P. 7052.

*Facts*

The Plaintiff and the Defendant were married in 1978. On or about April 8, 2005, they were divorced pursuant to a divorce decree entered by the Superior Court of Arizona in and for the County of Maricopa. The divorce decree incorporated a separation agreement ("the Separation Agreement") dated June 27, 2000. The Separation Agreement provided in part that the Defendant "shall be responsible for the following debts in every respect and shall hold [the Plaintiff] harmless thereon: Personal loan to Francis and Carlyn Lay in the approximate amount of $20,000."

Francis and Carlyn Lay are the Plaintiff's aunt and uncle. The Personal loan ("the Loan") refers to a note ("the Note") in the original principal amount of $77,400.00, dated November 5, 1992, with the Plaintiff and the Defendant as payors and Francis and Carlyn Lay as payees ("the Payees"). The parties agree that the Note is the only note the ever existed between the Plaintiff and the Defendant as payors and the Francis and Carlyn Lay as payees.

The Note was secured by a deed of trust on land. The land was sold. The Payees waived the right to all but $10,000.00 of the proceeds.[1] Thereafter the balance under the Note was about $45,000.00. Of that amount, the Plaintiff received about $5,000.00. The Plaintiff and the Defendant used the balance to pay bills and invest in the Defendant's business.

From 2000 forward, the Defendant made payments totaling approximately $21,000.00 to the

---

[1] See Transcript of Hearing. p. 22.

2

Payees. The Defendant ceased paying on the Note. In June of 2006, Francis Lay sent the Defendant an accounting that asserted a balance due under the note in the approximate amount of $26,000.00. The Payees sued, and are currently suing, the Plaintiff and the Defendant in a Virginia Superior Court to collect the balance due on the Note.

In 2007, the Defendant filed a chapter 7 petition with the Clerk of this Court. The Plaintiff filed a complaint seeking a determination that the obligation under the Separation Agreement to hold her harmless is non-dischargeable under 11 U.S.C. § 523(a)(15). The Defendant asserts that the obligation is not non-dischargeable under section 523(a)(15). He also asserts that "he has paid in excess of the $20,000[.00] amount specified and agreed upon" in the Separation Agreement.

### *Discussion.*

The first question is whether the Defendant's obligation to save the Plaintiff harmless is dischargeable. It is not. A discharge under section 727 does not discharge a debt for a domestic support obligation. 11 U.S.C. § 523(a)(5). A discharge under section 727 does not discharge a debt not of the kind in Section 523(a)(5) that is *incurred* by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record. 11 U.S.C. § 523(a)(15). Section 523(a)(15) now provides, unqualifiedly, that a property settlement obligation encompassed by Section 523(a)(15) is non-dischargeable. 4 Resnick, Alan N., and Henry J. Sommer, Collier on Bankruptcy, ¶ 523.2 (15th ed. rev. 2008).

The obligation of the Defendant to hold the Plaintiff harmless on the Note is an obligation that arose in connection with the Separation Agreement. The Defendant argues that the debt owed under the Separation Agreement is not non-dischargeable under Section 523(a)(15) because he did not *incur* it as is required under that paragraph. The Defendant argues

that he *assumed* the debt.

Section 523(a)(15) was added to the Bankruptcy Code by the Bankruptcy Reform Act of 1994.[2]  Initially the proposed law contained the language "assumed or incurred" instead of "incurred".  The word "assumed" was deleted prior to enactment because it was feared that it might be read to render non-dischargeable an obligation to a third-party creditor and not the obligation to the spouse under a "hold harmless" clause.  The Defendant argues that he assumed the obligation in this case and that, consequently, Congress intended to exclude his obligation from the stricture of Section 523(a)(15).

The problem with the Plaintiff's argument is that the obligation in question is not his obligation owed to the Payees under the Note.  Rather the obligation in question is that which requires the Defendant to hold the Plaintiff harmless from her obligation under the Note.  That obligation, the one owed to the Plaintiff to hold her harmless, was incurred under the Separation Agreement.  It is that obligation that is non-dischargeable, not the original debt owed to the Payees under the Note.

At the hearing on this matter, the Defendant cited In re Sanders, 236 B.R. 107 (Bankr. S.D. Ga. 1999) in support of his position.  Sanders is factually distinguishable from this case.  In Sanders, the debtor's former divorce attorneys brought an action seeking a declaration that the debt that the debtor owed to them was non-dischargeable.  The Court held that the debt was dischargeable because Section 523(a)(15) does not apply to all debts arising in connection with a divorce.  The Court determined that the only kinds of obligations that may be held non-dischargeable under Section 523(a)(15) are those owed to a spouse.  Sanders is not applicable to

---

[2]  Pub. L. 103-394, § 304 (enacted on October 22, 1994).

the this case.  In the case at bar, the obligation is owed to the Plaintiff, the Defendant's former spouse. It is, therefore, non-dischargeable.

The Defendant's obligation to hold the Plaintiff harmless does not first arise when the Payees commence collection efforts against the Defendant, it arises each time that a payment is due.  The only way that the Defendant may fulfill his obligation under the Separation Agreement is to pay the debt owed by the Plaintiff to the Payees in a timely manner.

The Defendant also argues that his liability is limited to $20,000.00 by the language in the Separation Agreement.  As noted, the Separation Agreement provides that the Defendant "shall be responsible for the following debts in every respect and shall hold [the Plaintiff] harmless thereon: Personal loan to Francis and Carlyn Lay in the approximate amount of $20,000."  The Defendant argues that this language limits the amount of his obligation to hold the Plaintiff harmless to $20,000.00, an amount that is less than what he has paid to date.

This issue is one of contract interpretation.  The Separation Agreement provides that it shall be construed according to the laws of the Commonwealth of Virginia.  Where it is necessary to determine the meaning of words not of certain and definite import, consideration will be given to the situation of the parties, the subject matter of the contract, the acts of the parties thereunder, the purpose sought to be accomplished thereby, and the general circumstances attending its execution. 4A Michie's Jurisprudence, Contracts § 41 (Citations omitted).   The significance of the language of a contract always depends upon the situation of the parties at the time, their prior and subsequent conduct, the nature of the subject matter, the purposes they had in view and all the surrounding circumstances.  Id.

The language of the Separation Agreement is not sufficient to limit the amount of the

obligation. It does not provide an amount certain but rather provides an "approximate" amount. There are no words of limitation, such as "to the extent of" or "in an amount that is no more than" or "not to exceed". The phrase "in the approximate of $20,000" was only included at the behest of counsel for the Plaintiff. At best, it is inartful drafting. At worst, it is an invitation to unnecessary litigation.

Additionally, it is the Defendant who provided the $20,000.00 as the approximate amount to be included in the Separation Agreement. When asked where that amount came from, the Defendant replied "I can't really answer that. I mean I do know that we discussed it, I don't know if there was any conversations with the [Payees] or we looked at cancelled checks. But it was a figure that was discussed with [the Plaintiff]."[3] The Defendant does not remember actually calculating the amount then due under the Note, or otherwise agreeing that his obligation to hold the Plaintiff harmless would be limited to $20,000.00. In fact, he testified that things were disorganized and that his "brain was a little mush"[4] and his "memory of what exactly occurred [during that time] is a little off".[5]

The facts and circumstances surrounding the creation of the Separation Agreement and the inclusion of the phrase "in the approximate amount of $20,000" indicate that this language was not included for the purpose of limiting the liability of the Defendant under the "hold harmless" clause. The obligation owed by the Plaintiff under the Separation Agreement is to save the Plaintiff harmless from liability on the full amount remaining due under the Note. That

---

[3] Transcript of Hearing, p. 31:11-15.

[4] Transcript of Hearing, pp. 34:1-35:10.

[5] Transcript of Hearing, pp. 31:23-24.

obligation is non-dischargeable.

An appropriate judgment shall issue.

Upon entry of this Memorandum, the Clerk shall forward a copy to James O. Clough, Esq., counsel for the Plaintiff and Marshall M. Slayton, Esq., counsel for the Defendant.

Entered on this 23rd day of June, 2008.

_____
William E. Anderson
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | | |
|---|---|---|
| In re WARREN H. ELLIS, JR. | ) | Case No. 07-61696-LYN |
| | ) | |
| Debtor. | ) | |
| | ) | |
| CAROL A. LAY | ) | Adv. No. 07-06112 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WARREN H. ELLIS, JR. | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| | ) | |

**JUDGMENT**

For the reasons stated in the accompanying memorandum,

It is ORDERED, ADJUDGED and DECREED that the obligation of the Defendant

Warren H. Ellis to hold the Plaintiff Carol A. Lay harmless from liability on the debt that she

owes Francis and Carlyn Lay by virtue of a note dated on or about November 5, 1992, is non-

dischargeable, the order of discharge in the above-styled chapter 7 bankruptcy case notwithstanding.

Upon entry of this Judgment, the Clerk shall forward a copy to James O. Clough, Esq. counsel for the Plaintiff and Marshall M. Slayton, Esq., counsel for the Defendant.

Entered on this 23rd day of June, 2008.

_____
William E. Anderson
United States Bankruptcy Judge